UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LONNIE BROWN and LISA BROWN,

    Plaintiffs,

v.                                                        Case No. 09-11481

COUNTRYWIDE HOME LOANS, INC.,     HONORABLE AVERN COHN
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, and AMERICA'S WHOLESALE
LENDER,

    Defendants.
_____/

## ORDER
## GRANTING DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT (Doc. No. 11)[1]
## AND
## DISMISSING CASE

I. Introduction

This is a mortgage case. Plaintiffs Lonnie and Lisa Brown are suing defendants Countywide Home Loans, Inc., Mortgage Electronic Registration Systems, and America's Wholesale Lender. Plaintiffs raise a host of claims, phrased as follows:

    Count I - wrongful foreclosure and declaratory action

    Count III[2] - breach of contract

    Count IV - terminate foreclosure sheriff's deed & permanent restraining order

    Count V - quiet title

---

[1] The Court originally scheduled this matter for hearing. Upon review of the record, however, the Court finds that oral argument is not necessary. See E.D. Mich. LR 7.1(f)(2).

[2] There is no Count II in the Amended Complaint.

Count VI - negligence and gross negligence

Count VII - intentional infliction of emotional distress

Count VIII - unreasonable debt collection practices under Michigan law

Count IX - violation of the Michigan debt collection practices act

Count X - deception trade practices act

Count XI - breach of fiduciary duty

Count XII - punitive damages

Count XIII - wrongful foreclosure by advertisement

Count XIV - attorney fees

Before the Court is defendants' motion for judgment on the pleadings and for summary judgment. For the reasons that follow, the motion will be granted and the case will be dismissed.

II.

Plaintiffs owed real property in Springfield Township which was subject to a mortgage held by defendant Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for defendant America's Wholesale Lender (AWL). Defendant Countrywide Home Loans (Countrywide) serviced the mortgage. Plaintiffs defaulted on the mortgage. Countrywide, on behalf of MERS, began foreclosure proceedings and retained a law firm to handle the proceedings. Eventually, the property was sold at a Sheriff's sale to MERS who obtained a Sheriff's deed.

On April 20, 2009, just prior to the expiration of the statutory redemption period, plaintiffs filed a multi-count complaint in state court, claiming several errors in the foreclosure proceedings. Defendants removed the case to federal court on the grounds

of federal question jurisdiction. The Court held a status conference with the parties on May 26, 2009 after which it entered an order directing plaintiffs to file an amended complaint within thirty (30) days and directing that defendants take no action for 30 days or until the amended complaint was filed. Plaintiffs failed to timely file an amended complaint. Accordingly, on July 13, 2009, the Court entered an order requiring plaintiffs to file an amended complaint within ten (10) days or face dismissal of the case. Plaintiffs filed an amended complaint on July 24, 2009. A scheduling order was issued on August 11, 2009.

On January 15, 2010, defendants filed the instant motion for judgment on the pleadings and summary judgment. Plaintiffs did not file a response within the time period required by the local rules. On February 25, 2010, the Court issued a Notice of Hearing for March 30, 2010. The Notice specifically states that "a response shall be filed on or before March 12, 2010. No extensions will be granted." To date, plaintiffs have not filed a response to defendants' motion.

In the motion, defendants address each count of plaintiffs' complaint and explain why plaintiffs have not stated a viable claim against any of the defendants. Defendants' papers also describe the foreclosure proceedings in detail, with attached exhibits.

III.

Fed. R. Civ. P. 56(e)(2) provides:

> (2) Opposing Party's Obligation to Respond. When a motion for summary judgment is properly made and supported, an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must--by affidavits or as otherwise provided in this rule--set out specific facts showing a genuine issue for trial. If the opposing party does not so respond, summary judgment should, if appropriate, be entered against that party.

Given plaintiffs' failure to file a response, defendants are entitled to judgment if their motion is properly brought. The Court has reviewed defendants' motion to ensure that there are no genuine issues of material fact in the case. Conducting that review, and in view of the applicable law, the Court concludes that defendants' motion should be granted for the reasons stated in defendants' brief. Accordingly, defendants' motion is GRANTED. This case is DISMISSED.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: March 24, 2010

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, March 24, 2010, by electronic and/or ordinary mail.

    S/Julie Owens
Case Manager, (313) 234-5160